Filed 7/14/26  P. v. W.A. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>W.A.,<br><br>        Defendant and Appellant. | H053658<br>(Santa Clara County<br>Super. Ct. No. 24JV47044A) |

W.A. appeals a final order declaring him to be a ward of the juvenile court pursuant to Welfare and Institutions Code section 602, after the juvenile court found true the lesser included offense of committing a lewd act upon a person under 14, pursuant to Penal Code section 288, subdivision (a).

We appointed counsel to represent W.A. in this court.  His appointed counsel filed an opening brief that states the case and the facts but raises no issues.  Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  This court notified W.A. of his right to submit written argument on his own behalf, but he did not do so.

Finding no arguable error that would result in a disposition more favorable to W.A., we affirm the order.

# I. FACTUAL AND PROCEDURAL BACKGROUND

W.A. and the victim first met after a party in 2023, when W.A. was 15 years old and the victim was 12. After they met, the two began communicating via the WhatsApp smartphone application. At some point, they became boyfriend and girlfriend, and they would meet in person on occasion at a park in Campbell, unbeknownst to the victim's parents.

One day in October 2023, the victim invited W.A. to the home where she lived with her family in Campbell. No one else was home when W.A. came over. The victim testified at trial that W.A. "made" her have sex with him that day, which was the first and only time they had sex. The victim became pregnant from that encounter.

Sometime thereafter, the victim told W.A. that she may be pregnant. W.A. then stopped communicating with her.

The victim did not tell her parents she was pregnant until her mother took her to the hospital to give birth. The victim's baby was born on June 22, 2024.

DNA samples were taken from W.A., the victim, and the baby. The DNA testing confirmed that the victim was the baby's biological mother, and that it was 29.9 billion times more likely than not that W.A. was the baby's biological father.

On December 4, 2024, the People filed a juvenile wardship petition against W.A., pursuant to Welfare and Institutions Code section 602. A second amended petition pursuant to that statute was filed on May 8, 2025, alleging that W.A. had committed a lewd and lascivious act upon a child by force, violence, duress, menace, or fear (Pen. Code, § 288, subd. (b)(1) (Count 1), and rape by force, violence, duress, menace, or fear (Pen. Code, § 261, subd. (a)(2) (Count 2)).

On August 19, 2025, the juvenile court found that the allegations against W.A. in counts 1 and 2 were not true beyond a reasonable doubt, but the court did find that the lesser included charge to Count 1 of a violation of Penal Code section 288, subdivision (a), was true beyond a reasonable doubt. That statute provides: "(a) Except as provided

2

in subdivision (i), a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years." (Pen. Code, § 288, subd. (a).)

The juvenile court further found that W.A. fell under the provisions of Welfare and Institutions Code section 602, subdivision (a), which provides: "(a) Except as provided in Section 707, any minor who is between 12 years of age and 17 years of age, inclusive, when he or she violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge the minor to be a ward of the court."

W.A. timely appealed.

## II. DISCUSSION

We have reviewed the record under *Wende, supra*, 25 Cal.3d 436. Concluding that there is no arguable issue on appeal that would result in a disposition more favorable to W.A., we affirm the order.

## III. DISPOSITION

The order is affirmed.

_____
Wilson, J.

WE CONCUR:




_____
Grover, Acting P. J.




_____
Lie, J.




*People v. W.A.*
H053658